Elias NUNEZ–CRUZ and Myriam
Guadalupe Luna–Vega,
Petitioners,

v.

John ASHCROFT, Attorney
General,* Respondent.

No. 00–70687.

INS Nos. A73–809–692 & A73–809–693.

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2002.**

Decided June 14, 2002.

Before O'SCANNLAIN, BERZON, and
RAWLINSON, Circuit Judges.

MEMORANDUM***

Elias Nunez–Cruz and Myriam Guadalupe Luna–Vega, natives and citizens of Mexico, petition for review of the decision of the Board of Immigration Appeals ("BIA"), dismissing their appeal of the immigration judge's ("IJ") order denying their applications for cancellation of removal under section 240A(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b). We have jurisdiction in this case pursuant to 8 U.S.C. § 1252, and we deny the petition.

Petitioners' contention that applying the standards for cancellation of removal to their case constitutes impermissible retro-

active application of section 240A is without merit. *See Jimenez–Angeles v. Ashcroft,* 291 F.3d 594 (9th Cir.2002).

Petitioners' contention that the Nicaraguan Adjustment and Central American Relief Act violates equal protection is foreclosed by *Ram v. INS,* 243 F.3d 510, 517 (9th Cir.2001).

Lastly, Petitioners challenge the IJ's decision to deny their application for voluntary departure. Because Petitioners did not present this contention to the BIA on appeal, this Court lacks jurisdiction due to a failure to exhaust administrative remedies. *Rashtabadi v. INS,* 23 F.3d 1562, 1567 (9th Cir.1994).

**PETITION DENIED.**

---

* Under the permanent rules of the IIRIRA, the Attorney General is the proper party in this action, and the caption has been so changed.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.